MARÍA ECHEVARRÍA Viuda de SUBIRÁ, CONCEPCIÓN SUBIRÁ y su esposo MANUEL A. FRAU, y PROVIDENCIA SUBIRÁ y su esposo SALVADOR PEREYÓ, demandantes y apelados, v. RAFAEL SAURÍ, demandado y apelante.

No. 4169.—*Visto:* Febrero 14, 1927. *Resuelto:* Febrero 25, 1927.

1. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—ENVÍO, RADICACIÓN, IMPRESIÓN Y SERVICIO DE COPIAS—TÉRMINO PARA RA-

DICAR EL "Transcript" del Récord—Computación del Término.—El término para radicar el *transcript* de apelación comienza a correr desde la fecha en que se archiva la notificación del escrito de apelación con el secretario y no desde aquélla en que se notifica a la parte contraria.

2. Apelación y Error—Récord y Procedimientos que no Están en Récord—Envío, Radicación, Impresión y Servicio de Copias—Radicación Fuera del Término y Efecto—Desestimación—Radicación Posterior a la Moción de Desestimación.—Archivada moción de desestimación, notificada a la parte contraria, una hora antes que la transcripción de autos, el archivo de ésta no constituye la contestación eficaz a que se refiere la Regla 58 del Supremo.

3. Apelación y Error—Récord y Procedimientos que no Están en Récord—Envío, Radicación, Impresión y Servicio de Copias—Término para Radicar el "Transcript" del Récord—Computación del Término—Existiendo Transcripción Taquigráfica.—Cuando existe una transcripción taquigráfica, el término de 30 días para archivar el *transcript* de apelación comienza a correr desde la fecha en que aquélla se apruebe por el Juez.

4. Apelación y Error—Récord y Procedimientos que no Están en Récord—Envío, Radicación, Impresión y Servicio de Copias—Radicación Fuera del Término y Efecto—Desestimación—En General.—Tratándose de un día en el vencimiento del término para radicar el *transcript* de apelación y de horas en la notificación de una moción de desestimación, la Corte Suprema, en el ejercicio de su discreción, no desestimará el recurso.

Moción sobre desestimación de apelación presentada por los apelados. *Sin lugar.*

*Yordán Dávila* y *Pérez Marchand,* abogados del apelante; *Henry G. Molina,* abogado de los apelados.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se solicita la desestimación del recurso de apelación interpuesto en este caso porque la transcripción no se archivó en tiempo. Sostiene la parte apelada que la apelación se interpuso el 4 de enero, 1927, y como el 4 de febrero no se había radicado la transcripción, es evidente que había transcurrido el término de treinta días que fija la ley, y el recurso no puede en tal virtud proseguirse. La moción de desestimación se archivó en la secretaría de esta corte el 5 de febrero actual alrededor de las once de la mañana. Al pie de la moción se hace constar que se notificó por correo depositando el sobre en la oficina de San Juan, P. R., el propio 5 de febrero dirigido a los abogados del apelante residentes en Ponce, P. R.

La parte apelante se opuso, 1, porque la apelación se

estableció el 5 de enero y por tanto el término para archivar la transcripción vencía el 5 de febrero, en que fué en efecto archivada; 2, porque aunque así no fuera, la transcripción se archivó antes de que la moción de desestimación se notificara al apelante, y porque en todo caso los treinta días no deben contarse a partir del 5 de enero sino del 1 de febrero en que la transcripción taquigráfica fué aprobada por el juez.

[1] Los motivos de oposición primero y segundo no están bien fundados.

Es lo cierto que el término comenzó a correr el 5 de enero y no el 4 en que se notificó a la parte contraria, porque la apelación debe entenderse que se estableció cuando se archivó la notificación con el secretario y dicho acto se realizó el 5, pero aún así el término venció el 4 de febrero porque el mes de enero tenía treinta y un días.

[2] También es cierto que constituye una buena defensa el que la transcripción esté archivada antes de la moción de desestimación aunque hubiere vencido el término de ley y que el punto de partida es la notificación al apelante (*Portela v. Viera,* 31 D.P.R. 413), pero la moción se archivó en secretaría el día cinco de febrero una hora antes que la transcripción y contiene una afirmación bajo juramento de haber sido notificada al apelante.

[3] El motivo tercero está bien fundado. De acuerdo con la ley y las reglas de la corte, existiendo como existió aquí una transcripción taquigráfica, el término para archivar la transcripción de los autos no comenzó a correr el 5 de enero sino el 1 de febrero cuando la transcripción taquigráfica fué aprobada por el juez.

Se sostuvo en el acto de la vista de la moción por el abogado de la parte apelada que habiéndose fallado este pleito sobre las alegaciones, la transcripción taquigráfica era innecesaria, pero el propio abogado manifestó que se había practicado prueba en relación con cierto injunction prelimi-

nar aunque dijo que tal injunction nada tenía que ver con las questiones envueltas en la apelación.

La transcripción está ya en esta corte. Consta de cien páginas. Se tramitó con la intervención de la parte apelada y ésta no obtuvo, ni siquiera pidió que fuera eliminada.

No estamos convencidos de que dicha transcripción sea innecesaria para resolver el recurso y pocas veces se radican las transcripciones con la rapidez con que se ha radicado la de este caso.

[4] Siendo ello así, por lo menos, por ahora, deberíamos declarar no haber lugar a la desestimación, pero deseamos decir además que tratándose de un día en el vencimiento del término y de horas en la notificación de la moción, y no siendo el término jurisdiccional, la corte, en el ejercicio de su discreción, *declararía siempre no haber lugar a desestimar el recurso* aunque las pruebas practicadas fueran innecesarias para resolverlo. *Gandía* v. *Pizá*, 17 D.P.R. 337.